IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

Plaintiff,

                                        STIPULATION &
                                        PROTECTIVE ORDER

      -against-

                                        CRIMINAL NO. 25-289 (ADC)

[1] KRISTIAN YADIER FALCON-LOPEZ

Defendants.

------------------------------------------------------------------------X

**PROTECTIVE ORDER**
**PURSUANT TO FED. R. CRIM. P. 16(d)(1)**

IT IS HEREBY STIPULATED AND AGREED by the parties and ORDERED by the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure:

That the government will produce to material to defense counsel marked with the words "PROTECTED MATERIAL" and, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the possession and use of said PROTECTED MATERIAL shall be limited as follows:

    a) Counsel for Defendant, or any attorney or successor attorney directly involved and/or participating in the representation of the defendant or persons employed by the attorney or appointed by the court to assist in the preparation of defendant's case (hereinafter, "Defense Counsel(s)") are prohibited from providing to defendant, for his personal possession the PROTECTED MATERIAL or any portion thereof, that will be provided to Defense Counsel(s) as discovery for the purposes of preparing the defense for trial;

    b) Defendant is prohibited from personally possessing or making any copy of the above-

described information and materials, which are currently in the government's possession, and a copy of which will be provided to Defense Counsel(s) in the above-captioned case or any portion thereof;

c) Defense Counsel(s) may not allow defendant to duplicate or otherwise copy the PROTECTED MATERIAL or any portion thereof, and defendant may only be permitted to review the discovery materials in the company of, and under the supervision of Defense Counsel(s), and all of the PROTECTED MATERIAL shown to defendant must be taken with Defense Counsel(s) (or prosecution) at the conclusion of any such meeting;

d) Defendant and Defense Counsel(s) are prohibited from providing the PROTECTED MATERIAL or any portion thereof to any third party, or from otherwise displaying, showing, or disseminating the PROTECTED MATERIAL or any portion thereof to any third party;

e) Defendant and Defense Counsel(s) are prohibited from utilizing the PROTECTED MATERIAL for any purpose other than the preparation of the defense in this criminal action;

f) Any documents, material, or information may be designated as PROTECTED MATERIAL only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under

this Protective Order. If the government and Defense Counsel(s) do not agree that certain material should be designated as PROTECTED MATERIAL, the Defendant may provide notice to the government and a reasoned explanation regarding why the Defendant does not believe the materials require treatment as PROTECTED MATERIAL. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as PROTECTED MATERIAL. Defendant, Defense Counsel(s) shall treat the material as PROTECTED MATERIAL pending any determination by the Court; and

g) Within 60 days following the conclusion of all stages of the proceedings in criminal case 25-cr-289(ADC), which includes the culmination of any eventual appeal, the government will request that all of the materials and all copies made thereof shall be disposed of in one of two ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; or (2) returned to the government. The Court may require a certification as to the disposition of any such materials.

**ORDERED**, that the government will produce to material to defense counsel marked with the words "PROTECTED MATERIAL ATTORNEY'S EYES ONLY" and, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the possession and use of said PROTECTED MATERIAL ATTORNEY'S EYES ONLY shall be limited as if it had been designated as PROTECTED MATERIAL with the additional limitations as follows:

a) PROTECTED MATERIAL-ATTORNEY'S EYES ONLY, may be reviewed only by Defense Counsel(s).

To the extent any material is produced by the government to defendants or defendants' counsels by mistake, the government shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsels shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

Absent prior agreement of the government or permission from the Court, PROTECTED MATERIAL and PROTECTED MATERIAL ATTORNEY'S EYES ONLY shall not be included in any public filing with the Court, and instead shall be submitted under seal. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsels in the use of discovery materials in judicial proceedings in the case in criminal case number 25-289 (ADC)

[Space Left Intentionally Blank]

Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

_____
María Cristina Semanaz
Assistant U.S. Attorney
Dated: 10-24-25

_____
David Ramos Pagán
Attorney for Kristian Yadjer Falcon-Lopez
Dated: 9-29-2025

**SO ORDERED.**

In San Juan, Puerto Rico, this _____ day of _____, 2025.

_____
HON. AIDA M. DELGADO-COLÓN
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF PUERTO RICO